**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30003 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00078-SEH |
| v. | |
| JAMES REES EDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

James Rees Eder appeals from the 30-month sentence imposed following his

guilty-plea conviction for burglary, in violation of 18 U.S.C. § 1153(a) and Mont.

Code Ann. § 45-6-204.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Eder contends the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) factors. He also maintains that the district court's failure to adequately explain the sentence renders it impossible to know if the district court recognized its authority to sentence below the applicable Sentencing Guidelines range and to account for the disparity between the Guidelines and a sentence that would have been given for the same offense in state court. The record indicates that the district court did not procedurally err because it considered the defense's arguments as well as the sentencing factors, and sufficiently explained the sentence to allow for meaningful appellate review. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 991-92, 995 (9th Cir. 2008) (en banc). Moreover, the district court did not commit procedural error by refusing to consider the state sentence for Eder's offense. *See United States v. Nevils*, 598 F.3d 1158, 1171 (9th Cir. 2010) (en banc).

Eder further argues that his sentence is substantively unreasonable because application of the Guidelines was not reasonable. Considering the totality of the circumstances, including the 18 U.S.C. § 3553(a) sentencing factors, the district court did not abuse its discretion as the middle of the Guidelines sentence was substantively reasonable. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**